# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | 25-MJ-74 |
| : | |
| v.  : | **HEARING: May 20, 2025** |
| : | |
| **JAMIE SPIES,** : | |
| : | |
| **Defendant.** : | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant, Jamie Spies, by and through undersigned counsel, respectfully submits this opposition to the government's Memorandum in Support of Pretrial Detention. While the allegations against Ms. Spies are undeniably serious, the defense contends that conditions of release can be set that will reasonably assure the safety of the community and Ms. Spies' appearance in court.

While the charge trigger a rebuttable presumption in favor of detention under 18 U.S.C. § 3142(e)(3), Ms. Spies presents sufficient evidence to rebut this presumption, and the government cannot meet its burden to show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or by a preponderance of the evidence that no conditions will assure his appearance. Release with appropriate conditions, including a prohibition on internet access and supervision by a third-party custodian, is warranted.

1

I.  **Standard of Review**

The Bail Reform Act permits a judicial officer to release a person "subject to the least restrictive further condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (c) (1). Where, like here, a person is charged with an offense pursuant to 18 U.S.C. § 3142 (f)(1)(E), "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the safety of the community" if the judicial officer finds there is probable cause to believe the person committed the offense. 18 U.S.C. § 3142 (e) (3).

To determine whether conditions of release exist to assure the appearance of the person and the safety of any other person in the community, the judicial officer must consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142 (g). The government may show one of two things to meet its burden for preventative detention.

First, the government must show by "clear and convincing evidence" that "no conditions or combination of conditions" will reasonably assure the safety of any other person in the community. In the alternative, the government must show the defendant is a flight risk by a "preponderance of the evidence." United States v. Vortis, 785 F.2d 327, 328 (D.C. Cir. 1986) (per curiam). Both the government and the defendant may offer evidence or proceed by proffer. United States v. Smith, 79 F.3d 1208, 1209-1210 (D.C. Cir. 1996). Pretrial detention must be considered in the context that: "Consistent with the intent expressed in the legislative history, the

statutory scheme of 18 U.S.C. § 3142 continues to favor release over pretrial detention." *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985).

## I. Nature and Circumstances of the Offense

The government details disturbing allegations regarding Ms. Spies' online interactions and distribution of child pornography. The defense does not seek to minimize the gravity of these accusations. However, the government's assertion that the weight of the evidence against Ms. Spies is "very strong" and thus indicative of future danger or flight risk must be balanced against her personal history and characteristics.

## II. History and Characteristics of the Defendant

Ms. Spies is a 24-year-old stay-at-home mother to a 16-month-old son. Critically, she has no known criminal history. This is a significant factor weighing against detention. Ms. Spies is a graduate of a trade school, holding a certificate in auto body repair, demonstrating a commitment to lawful employment and skill development. Furthermore, Ms. Spies has been diagnosed with Anxiety, Depression, and Borderline Personality Disorder. These mental health conditions are relevant to understanding her personal circumstances and can be addressed through appropriate treatment and supervision if she is released.

The government notes prior NCMEC tips associated with an email address allegedly linked to Ms. Spies. However, it also acknowledges that these tips "do not appear to have been previously investigated" and that law enforcement is "still investigating the email address and its possible connection to Spies." This speculative information regarding uninvestigated tips should not outweigh Ms. Spies' actual lack of a criminal record.

## III. Nature and Seriousness of the Danger Posed by Release and Conditions of Release

The government argues that no conditions will reasonably assure the safety of children if Ms. Spies is released, emphasizing the risks associated with internet access. The defense proposes a robust set of conditions to mitigate any such risk.

Firstly, a suitable third-party custodian has been located and is willing to assume responsibility for Ms. Spies' supervision. This individual can ensure compliance with all court-ordered conditions.

Secondly, and most crucially in the context of the alleged offense, the defense proposes a complete prohibition on internet access for Ms. Spies. This condition directly addresses the primary means by which the alleged offenses were committed and the government's central argument regarding ongoing danger. With no access to the internet, the specific danger highlighted by the government is substantially neutralized.

Additional conditions could include:

- Home detention or curfew.

- Regular reporting to pretrial services.

- Mandatory mental health treatment and counseling.

- No unsupervised contact with minors.

The government relies on cases like *United States v. Reiner* and *United States v. Blankenship* to argue the difficulty of preventing internet access. However, with a dedicated third-party custodian and a clear court order, this condition is enforceable. The assertion that Ms. Spies would inevitably find a way to access the internet is speculative and does not

overcome the presumption in favor of release for an individual with no prior criminal history, especially when such a critical condition is imposed.

While the government argues that the strength of the evidence suggests an elevated risk of flight, Ms. Spies' ties to the community, particularly her role as a mother to a young child and the availability of a third-party custodian, mitigate this risk.

The offenses Ms. Spies is accused of are deeply troubling. However, the Bail Reform Act requires an individualized assessment. Given Ms. Spies' lack of criminal history, her status as a stay-at-home mother, her diagnosed mental health conditions (which can be managed with treatment), and the availability of a third-party custodian and stringent release conditions, including a complete ban on internet access, she is not an irredeemable danger to the community or a flight risk warranting pretrial detention.

### **Conclusion**

For the foregoing reasons, Defendant Jamie Spies respectfully requests that this Court deny the government's motion for pretrial detention and order her release on conditions that reasonably assure the safety of the community and her appearance at future court proceedings.

Respectfully submitted,
MONUMENT LEGAL


_____/s/_____
Jay P. Mykytiuk [976596]
1100 H Street NW, #1010
Washington, D.C. 20005
202-630-1522
jpm@monumentlegal.com

5

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Opposition to Government's Motion for Pretrial Detention was served on this 19th day of May 2025, on the government through electronic service.

Respectfully submitted,

_____/S/_____

Jay P. Mykytiuk